## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 5:22-cv-01586-JAK-KES                                      Date: May 19, 2023

Title: BROQUE ANTHONY ANDERSON v. SAN BERNARDINO SHERIFF'S DEPT., et al.

PRESENT:

THE HONORABLE U.S. MAGISTRATE JUDGE KAREN E. SCOTT

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **Order to Show Cause ("OSC") Why Complaint Should Not Be Dismissed**

In September 2022, the Court received from Plaintiff Broque Anthony Anderson ("Plaintiff") a 42 U.S.C. § 1983 Complaint against San Bernardino County ("SBC") and SBC Sheriff Deputies Ramos, Edmond, Olivares, and Alcala (the "Deputy Defendants"). (Dkt. 1.) Plaintiff alleges that on Wednesday, March 17, 2021, he was staying at the Holiday Inn in Loma Linda, California. He had rented a room for about two weeks, paid for in advance. At about 11:30 p.m., he was in the hotel's computer room. There, the Deputy Defendants arrested Plaintiff for trespassing. (Dkt. 1 at 5.[1])

Plaintiff was in custody on unrelated matters when he filed this Complaint. (Dkt. 1.) He also filed a request to proceed In Forma Pauperis ("IFP") which was granted. (Dkt. 2, 12.)

Before authorizing service, federal courts must screen inmate and/or IFP complaints and dismiss any case that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. §§ 1915(e)(2); 1915A. The Court has reviewed the Complaint and determined that it may fail to state a claim because it is <u>Heck</u>-barred or suffers from other pleading defects.

---

[1] Page citations refer to pagination imposed by the Court's electronic filing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:22-cv-01586-JAK-KES                                                                 Date: May 19, 2023
                                                                                                                  Page 2

**I.     THE HECK BAR.**

**A.     <u>Relevant Law.</u>**

A § 1983 claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless that conviction or sentence has already been invalidated.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).  "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996) (<u>per</u> <u>curiam</u>); <u>see</u>, <u>e.g.</u>, <u>Szajer v. City of Los Angeles</u>, 632 F.3d 607, 611-12 (9th Cir. 2011) (holding <u>Heck</u> bars § 1983 Fourth Amendment claim challenging searches and seizures that led to convictions).  Consequently, "the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." <u>Smith v. City of Hemet</u>, 394 F.3d 689, 695 (9th Cir. 2005) (quoting <u>Heck</u>, 512 U.S. at 487).

**B.     <u>Plaintiff's Trespassing Conviction.</u>**

District courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." <u>United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted) (taking judicial notice of the California Superior Court's proceedings).  The Court takes judicial notice of the SBC Superior Court records for case no. <u>MSB21004039: The People of the State of California vs. BROQUE ANTHONY ANDERSON</u>, Court Access Portal: Superior Court of California, County of San Berardino (May 17, 2023, 4:42 PM), cap.sb-court.org/case/NjgwNDcxOA==.

According to those court records, a criminal case was initiated against Plaintiff on March 26, 2021, with the filing of a <u>Sesslin</u> Affadavit.[2]  Plaintiff was charged with a misdemeanor violation of California Penal Code section 602(o) which prohibits:

> Refusing or failing to leave land, real property, or structures belonging to or lawfully occupied by another and not open to the general public, upon being requested to leave by (1) a peace officer at the request of the owner, the owner's agent, or the person in lawful possession, and upon being informed by the peace officer that they are acting at the request of the owner, the owner's agent, or the person in lawful possession, or (2) the

---

[2] A "<u>Sesslin</u> Affidavit" refers to a declaration of probable cause submitted by an arresting officer after a warrantless misdemeanor arrest.  <u>See</u> <u>People v. Sesslin</u>, 68 Cal. 2d 418 (1968).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:22-cv-01586-JAK-KES　　　　　　　　　　　　　　　　　　　　　　Date: May 19, 2023
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

owner, the owner's agent, or the person in lawful possession.

Plaintiff pled guilty on July 7, 2021, and a conviction was entered based on his guilty plea. He was sentenced to serve two days in the SBC jail.

On April 19, 2023, Plaintiff filed a motion to vacate his plea and conviction. It appears that motion remains pending.

### C. Heck Analysis: Fourth Amendment Claims.

Plaintiff alleges that the Deputy Defendants violated his Fourth Amendment rights by arresting him without probable cause while he was at the Holiday Inn. (Dkt. 1 at 5.) The Fourth Amendment protects individuals against "unreasonable searches and seizures" by the government. U.S. Const. amend. IV. An arrest without probable cause is an unreasonable seizure. Dubner v. City & County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001).

Plaintiff also alleges that the Deputy Defendants searched his person and "property" he had with him when he was arrested. (Dkt. 1 at ___.) Searches conducted incident to a lawful arrest do not violate the Fourth Amendment. United States v. Robinson, 414 U.S. 218, 224 (1973). Plaintiff, however, suggests that the search conducted by Defendants was unconstitutional because his arrest was unlawful.

To prevail on these Fourth Amendment claims, it appears that Plaintiff must attack the validity of his conviction in SBC Superior Court case no. MSB21004039. Per the above-cited records, this conviction has not yet been overturned, reversed, expunged, or otherwise invalidated. As a result, Plaintiff's Fourth Amendment claims are foreclosed by Heck.

### D. Heck Analysis: Equal Protection Claims.

"The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).

Plaintiff alleges in conclusory fashion that Defendants denied him equal protection when they wrongfully arrested him. (Dkt. 1 at 1.) Plaintiff has failed to plead facts supporting this claim. Even if he added allegations of his membership in a protected class, "Courts across the country have routinely held that claims alleging discriminatory enforcement of the law … implicate the validity of the defendant's conviction and sentence, and are therefore barred by Heck." James Plas Sams v. County of Riverside, et al., No. 5:17-cv-01848-SVW-PVC (Dkt. 42 at 25), 2019 U.S. Dist. LEXIS 117576, at *27 (C.D. Cal. June 14, 2019) (collecting cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:22-cv-01586-JAK-KES　　　　　　　　　　　　　　　　　　　　Date: May 19, 2023
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

## II.    OTHER PLEADING DEFECTS.

### A.    Claims Against SBC.

Plaintiff names SBC as a defendant in the caption, but not in the body of the Complaint. It is unclear if Plaintiff intended to sue SBC.

Section 1983 claims against municipal entities like SBC are sometimes called Monell claims following Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).  To state a claim for Monell liability against SBC, Plaintiff must allege facts showing: (1) he had a constitutional right of which he was deprived; (2) SBC had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy was "the moving force" behind the constitutional violation.  Gordon v. Cty. of Orange, 6 F.4th 961, 973 (9th Cir. 2021).  If the Deputy Defendants acted *contrary* to SBC's polices in arresting Plaintiff, then Plaintiff would not have a Monell claim against SBC.

### B.    Due Process Claim.

Plaintiff recites the Fourteenth Amendment's Due Process Clause and says his rights under the Fourteenth Amendment were violated.  (Dkt. 1 at 5.)  Plaintiff does not provide any factual allegations about what process he contends he was "due" that he did not receive.

### C.    Site Release Claim.

Plaintiff alleges, "Site release by law is limited to 8 to 12 hrs. before release is necessary."  (Dkt. 1 at 5.)  "The 8-hour process was a 96-hour process without food and water."  (Id. at 6.)  It is unclear if Plaintiff is alleging these facts to try to show a violation of state law or some constitutional provision.  It is unclear if Plaintiff is complaining about the length of his detention, the conditions of his detention, or the condition of his release.

## III.    DISPOSITION.

**By June 20, 2023**, Plaintiff shall repsond to this OSC in one of these ways:

(1) File a "Response to OSC" explaining (a) why his claims are not Heck-barred and (b) what additional facts (if any) he could allege to address the other pleading defects.  If Plaintiff does this, then the Court will decide whether to discharge the OSC and order the Complaint served or whether to recommend dismissing the Complaint, with or without leave to amend.

(2) If Plaintiff concludes that his claims are Heck-barred or fail for other reasons, then he may file a voluntary dismissal.  A voluntary dismissal of his claims would be without prejudice to his re-asserting them if he successfully vacates his conviciton in SBC Superior Court case no.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:22-cv-01586-JAK-KES  Date: May 19, 2023
Page 5

MSB21004039.

    If Plaintiff fails to timely respond to this order by exercising one option, then this action may be dismissed for failure to obey court orders or failure to prosecute. Plaintiff is reminded that the Court's website has information about how to contact the pro se clinic to receive free assistance from volunteer lawyers.

MINUTES FORM 11  Initials of Deputy Clerk JD
CIVIL-GEN