UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROQUE ANTHONY ANDERSON, | Case No.  5:22-cv-01586-JAK-KES |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| SAN BERNARDINO SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation ("R&R") of the United States Magistrate Judge (Dkt. 31).  Further, the Court has engaged in a de novo review of those portions of the R&R to which objections (Dkt. 33) have been made.  The Court accepts the findings, conclusions, and recommendations of the United States Magistrate Judge.

In his objections, Plaintiff argued that his 42 U.S.C. § 1983 claims alleging he was arrested for trespassing without probable cause are not barred by Heck v.

1  Humphrey, 512 U.S. 477, 487 (1994) because his trespassing conviction in San

2  Bernardino County Superior Court ("SBSC") case no. MSB21004039 was

3  "dismissed and expunged." (Dkt. 33 at 1.)  This Court has obtained records from

4  the SBSC of which it takes judicial notice. (Dkt. 36.)  Those records show that

5  although Plaintiff *moved* to have his conviction set aside, the SBSC *denied* that

6  motion.  No court records show that his trespassing conviction was ever dismissed

7  and expunged. (Id.)  The Magistrate Judge gave Plaintiff until September 8, 2023,

8  to provide a more robust explanation of why he believed that his trespassing

9  conviction was "dismissed and expunged" and, if appropriate, provide supporting

10  court records. (Dkt. 34, 35.)  Plaintiff failed to file a timely response.

11         For all these reasons, the Court is convinced that Plaintiff's trespassing

12  conviction has *not* been dismissed and expunged.  As a result, his wrongful arrest

13  claims remain Heck-barred.

14         IT IS THEREFORE ORDERED (1) all claims based on Plaintiff's allegedly

15  unconstitutional arrest at the Holiday Inn in March 2021 (i.e., 42 U.S.C. § 1983

16  claims alleging violations of the Fourth Amendment and Equal Protection Clause)

17  are dismissed without prejudice as Heck-barred; and (2) Plaintiff may proceed *only*

18  on his 42 U.S.C. § 1983/Fourteenth Amendment claim against San Bernardino

19  County for allegedly confining him at the West Valley Detention Center without

20  food and water for 96 hours pursuant to a County policy.

21

22

23  DATED:   September 15, 2023

24  _____

25  JOHN A. KRONSTADT
   UNITED STATES DISTRICT JUDGE

26

27

28

                                        2