UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROQUE ANTHONY ANDERSON,<br>Plaintiff,<br>v.<br>SAN BERNARDINO SHERIFFS<br>DEPARTMENT, et al.,<br>Defendants. | Case No. 5:22-cv-01586-JAK-KES<br><br>ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE FOR LACK<br>OF PROSECUTION |

# I.

## BACKGROUND

In September 2022, the Court received from Plaintiff Broque Anthony Anderson ("Plaintiff") a 42 U.S.C. § 1983 Complaint against San Bernardino County ("SBC") and four SBC Sheriff Deputies. (Dkt. 1.) After screening under the Prison Litigation Reform Act at 28 U.S.C. §§ 1915(e)(2), 1915A, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. 30.) After additional screening, the sole remaining claim in the FAC is Plaintiff's 42 U.S.C. § 1983/Fourteenth Amendment claim against Defendant SBC for allegedly confining him at the West

1

1 Valley Detention Center ("WVDC") without food and water for ninety-six hours.

2 (Dkt. 38 (order accepting Report & Recommendation).)

3        In September 2023, the Court ordered service of the FAC on Defendant

4 SBC.  (Dkt. 41.)  After receiving the FAC, Defendant's attorney contacted Plaintiff

5 to "meet and confer" over a contemplated motion to dismiss.  (Dkt. 42 at 3.)

6 Plaintiff agreed to file a Second Amended Complaint ("SAC") and emailed a copy

7 to defense counsel.  The Court authorized the filing of the SAC (Dkt. 46) and it

8 was docketed on October 31, 2023.  (Dkt. 47.)

9        Meanwhile, on October 26, 2023, Defendant SBC moved to dismiss the

10 SAC.  (Dkt. 43.)  The Court ordered Plaintiff to file an opposition by November

11 17, 2023, further instructing him as follows:

12        Plaintiff should consider whether he wishes to oppose the motion or

13        voluntarily dismiss his lawsuit.  If Plaintiff agrees that he was not

14        held at WVDC without food and water for 96 hours, then he should

15        voluntarily dismiss the lawsuit.  Defendant has provided evidence

16        that Plaintiff was not held for 96 hours without food or water.

17        Defendant contends that (1) Plaintiff was held for about 15.5 hours

18        (2) in a holding cell with a drinking fountain and (3) he received

19        meals during mealtime, per SBC policy.  The Court is aware that

20        Plaintiff was arrested several times by SBC Sheriff Deputies during

21        the same time period, such that he may not have clearly remembered

22        the circumstances of this particular arrest on March 17, 2021, when

23        he drafted the SAC.  Plaintiff may wish to speak to his mother or

24        other family members involved to see if their recollection differs

25        from his own.

26 (Dkt. 46 at 2.)

27        The Court warned, "If Plaintiff fails to timely respond to this Order or

28 request an extension based on 'good cause,' the Court may dismiss the case for

1  lack of prosecution."  (Id.)

2        After this deadline passed without Plaintiff filing anything, the Court sua

3  sponte extended Plaintiff's deadline to December 18, 2023.  The Court again

4  warned Plaintiff of the potential for a summarily dismissal, as follows:

5        The Court will give Plaintiff one more opportunity to respond to

6        Defendant's motion before dismissing the case for failure to

7        prosecute.  …  As set forth in the October 31, 2023 minute order,

8        Plaintiff should either (1) voluntarily dismiss this action or (2) oppose

9        Defendant's motion based on his own declaration, but only if he can

10       honestly do so.

11  (Dkt. 48 at 2.)

12       As of the date of this order, the Court has not received any further filings

13  from Plaintiff.  Consistent with the warnings given, the Court now dismisses this

14  case without prejudice for failure to prosecute.

## II.

## LEGAL STANDARD

17       A district court may dismiss an action for failure to prosecute, failure to

18  follow court orders, or failure to comply with the federal or local rules.  See Fed.

19  R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v.

20  Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  Central District of California

21  Local Rule 41-1 provides, "Civil suits which have been pending for an

22  unreasonable period of time without any action having been taken therein may,

23  after notice, be dismissed for want of prosecution."[1]

24       The Court has discretion to dismiss the action with or without prejudice.

---

[1] The Local Rules of the U.S. District Court for the Central District of California are available online at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

1  See Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," or certain
2  exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b)
3  "operates as an adjudication on the merits"); Local Rule 41-2 ("[u]nless the Court
4  provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without
5  prejudice"); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal
6  with prejudice and default on counterclaims, for willful and inexcusable failure to
7  prosecute, are proper exercises of discretion under Federal Rules of Civil
8  Procedure 41(b), 16(f), and the inherent power of the court.").

9         In determining whether to dismiss a case for failure to prosecute or failure to
10 comply with court orders, the Ninth Circuit has instructed district courts to
11 consider the following five factors: (1) the public's interest in expeditious
12 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
13 prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the
14 public policy favoring disposition of cases on their merits.  In re
15 Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir.
16 2006).  The test is not "mechanical," but provides a "non-exhaustive list of things"
17 to "think about."  Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir.
18 1998).

19                                      **III.**

20                                 **DISCUSSION**

21        Here, the first two factors favor dismissal.  The first factor—the public's
22 interest in the expeditious resolution of litigation—"always favors dismissal."
23 Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The second factor—
24 the Court's need to manage its docket—favors dismissal here because Plaintiff's
25 "noncompliance has caused [this] action to come to a complete halt, thereby
26 allowing [him] to control the pace of the docket rather than the Court."  Id.
27 (internal quotations marks omitted).
28        The third factor—prejudice to Defendants—weighs in favor of dismissal,

although perhaps not as strongly as some of the other factors.  A rebuttable presumption of prejudice to the defendants arises when a plaintiff unreasonably delays prosecution of an action, In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994), and unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643.

The fourth factor—availability of less drastic sanctions—favors dismissal. The Court's prior orders warned Plaintiff that failure to respond might result in a dismissal of this action.  (Dkt. 48.)   See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—arguably weighs against dismissal here. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).  But the evidence San Bernardino County filed, refuting Plaintiff's sole remaining claim, mitigates concerns over the lack of an adjudication on the merits.

Given that the enumerated factors largely support dismissal, this action will be dismissed pursuant to Rule 41(b) and Local Rule 41-1.  Considering all of the circumstances, and in particular given that Plaintiff is proceeding pro se, the dismissal shall be without prejudice.

**IV.**

**CONCLUSION**

IT IS THEREFORE ORDERED that Judgment will be entered dismissing this action without prejudice for failure to prosecute.

DATED:  January 03, 2024

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

6